IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR L. TRAVILLION, | No. 1:18-CV-02075 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

# ORDER

**AND NOW**, this 13th day of October 2023, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED** that:

1. All claims against defendants Mark Garman, Adam Beck, Mr. H. Probst, Mr. R. Vance, Justin Sherman, and Mr. T. Rogers are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of personal involvement. The Clerk of Court is directed to terminate defendants Mark Garman, Adam Beck, Mr. H. Probst, Mr. R. Vance, Justin Sherman, and Mr. T. Rogers.

2. Defendants' motion (Doc. 138) for summary judgment pursuant to Federal Rule of Civil Procedure 56 is **GRANTED** in part and **DENIED** in part, as follows:

    a. Defendants' motion is **GRANTED** as to Travillion's First Amendment retaliation claims against all relevant Defendants as more fully set forth in the accompanying Memorandum.

    b. Defendants' motion is **GRANTED** as to Travillion's First Amendment "pattern and practice" claim concerning his legal mail (unrelated to any specific Department of Corrections policy) against all relevant Defendants as more fully set forth in the accompanying Memorandum.

      c.      Defendants' motion is **GRANTED** as to Travillion's First Amendment free-speech claim against John E. Wetzel in his individual capacity based on qualified immunity.

      d.      Defendants' motion is **DENIED** in all other respects.

3. Entry of judgment in accordance with paragraph 2 above shall be deferred pending resolution of Travillion's remaining First Amendment free-speech claim concerning incoming personal mail.

4. Any claim for declaratory or injunctive relief against defendant John E. Wetzel in his individual capacity for the temporary mail-suspension policy is **DISMISSED** as moot.

5. The First Amendment free-speech claim against defendant John E. Wetzel in his official capacity is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because it is barred by Eleventh Amendment sovereign immunity. Any related claim for prospective equitable relief is **DISMISSED** as moot.

6. The First Amendment free-speech claim against defendant Pennsylvania Department of Corrections is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because it is barred by Eleventh Amendment sovereign immunity. Any related claim for prospective equitable relief is **DISMISSED** as moot. The Clerk of Court is directed to terminate defendant Pennsylvania Department of Corrections.

7. Travillion's First Amendment free-speech claims against defendant Smart Communications Holding, Inc., are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The Clerk of Court is directed to terminate defendant Smart Communications Holding, Inc.

8. Counsel for Defendants shall, if possible, determine (out of defendants Boone, Caprio, Harpster, Walters, and Wilson, who have been identified generally as the five Doe defendants) the *specific* identities of "John Doe #1" and "John Doe #4" as named in

paragraphs 31 and 36 of the amended complaint.[1]  Within 14 days of the date of this Order, counsel for Defendants shall file a notice on the docket providing the specific identities of John Doe #1 and John Doe #4.  If unable to do so, counsel shall provide the reasons why identification cannot be made.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[1] *See Minor v. Del. River & Bay Auth.*, 70 F.4th 168, 175 (3d Cir. 2023) ("[A] plaintiff alleging that one or more [state] officers engaged in unconstitutional conduct must establish the personal involvement of each named defendant to survive summary judgment and take that defendant to trial." (citation and internal quotation marks omitted) (second alteration in original)).