IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR L. TRAVILLION, | No. 1:18-CV-02075 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

JUNE 27, 2025

Plaintiff Jamar Travillion, acting *pro se*, filed the instant Section 1983[1] action in 2018. After years of litigation, including comprehensive summary judgment practice under Federal Rule of Civil Procedure 56, Travillion—who has recently retained counsel—is proceeding to trial on a single remaining First Amendment claim concerning alleged interference with incoming personal mail. Presently pending is Defendants' motion *in limine* regarding admissibility of certain evidence at trial. The Court will grant in part and deny in part Defendants' motion.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I. BACKGROUND

Travillion's case has been winnowed—through Rule 12(b)(6) and Rule 56 practice—to a single remaining Section 1983 claim. That claim alleges interference with incoming personal mail in violation of the Free Speech Clause of the First Amendment against two defendants: Gerald McMahon and Stewart E. Boone.[2]

Trial in this case is scheduled to begin July 21, 2025.[3] Defendants timely filed a motion *in limine*,[4] and Travillion filed a brief in opposition.[5] Defendants' motion, therefore, is ripe for disposition.

## II. DISCUSSION

Defendants identify three types of evidence that they seek to admit or preclude at trial: (1) admission of Travillion's 2006 conviction for second-degree murder for impeachment purposes; (2) preclusion of evidence related to the Section 1983 claims that were dismissed or resolved in Defendants' favor at summary judgment; and (3) preclusion of evidence of compensatory or punitive damages. The Court will take each issue in turn.

---

[2] *See* Docs. 180, 181, 185; *see also* Doc. 179 at 23-29.
[3] *See* Doc. 196 ¶ 1.
[4] Doc. 197.
[5] Doc. 199.

### A.     Prior Felony Conviction

Under Federal Rule of Evidence 609, evidence of a witness's prior felony conviction that is not more than "10 years" old "must be admitted, subject to Rule 403, in a civil case" to impeach a testifying witness.[6] Admission of a prior felony "is premised on the common[-]sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath."[7] Because admission of the conviction is subject to Rule 403 balancing, the court must consider "whether the probative value of a prior conviction is substantially outweighed by the prejudicial effect of admitting the conviction."[8]

The United States Court of Appeals for the Third Circuit has established four factors to be weighed against the potential for prejudice when making this determination: "(1) the nature of the conviction; (2) the time elapsed since the conviction; (3) the importance of the witness's testimony to the case; and (4) the importance of credibility to the claim at hand."[9] Notably, convictions older than 10 years have a heightened admissibility standard where the balancing is reversed

---

[6]  *See* FED. R. EVID. 609(a)(1)(A).
[7]  *Walden v. Ga.-Pac. Corp.*, 126 F.3d 506, 523 (3d Cir. 1997) (citation and internal quotation marks omitted).
[8]  *Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir. 2014) (citing FED. R. EVID. 403).
[9]  *Id.* (citation omitted).

3

and the conviction is admissible only if its "probative value . . . substantially outweighs its prejudicial effect[.]"[10]

In this case, Travillion's second-degree murder conviction is more than 19 years old. Thus, the heightened admissibility standard of Rule 609(b)(1) applies.

The Court finds that Defendants have not established that the probative value of Travillion's 2006 conviction substantially outweighs its prejudicial effect. First, the conviction is for second-degree murder. It is not a *crimen falsi* conviction, and thus its probative value as to Travillion's credibility in civil litigation is negligible at best.[11] Second, the conviction is almost two decades old, making it much less relevant than a recent felony conviction. The third and fourth factors are neutral. While it is presumed that Travillion will testify at trial and his credibility will be important, the mail interference claims in this case do not rise and fall solely on Travillion's credibility (as opposed to, for instance, a claim of excessive force where there is no evidence beyond the testimony of the prisoner). As noted during Rule 56 proceedings, Travillion has proffered physical evidence to support his claims of personal mail interference.[12]

Thus, even when considering the factors that apply to a conviction that would fall under Rule 609(a)(1)(A), Travillion's 19-year-old conviction for

---

[10] FED. R. EVID. 609(b)(1).
[11] *See Sharif*, 740 F.3d at 273 (noting that "often crimes of violence are less probative of honesty than are crimes involving deceit or fraud").
[12] *See* Doc. 179 at 26-29.

second-degree murder is far more prejudicial than it is probative of his credibility. Furthermore, the jury will be made aware of Travillion's commission of a criminal offense simply by his current incarceration. Any reasonable jury member, moreover, will have an idea of the severity of Travillion's offense, as he remains incarcerated some seven or eight years after the events underlying his free speech interference claim. The Court thus holds that Travillion's second-degree murder conviction is inadmissible as impeachment evidence under Rule 609.

### B.  Previously Dismissed Claims

Defendants next argue that Travillion "should be precluded from introducing evidence relating to claims that have already been dismissed," pointing out that Travillion's numerous other Section 1983 claims have been either dismissed or resolved against him at summary judgment. Travillion rejoins that it is unclear what evidence is being challenged in this portion of Defendants' motion, and thus there is no basis for the Court to grant a motion *in limine*.

The Court is constrained to agree with Travillion. Although evidence that is exclusively related to dismissed or resolved claims would very likely be irrelevant and inadmissible at trial on the remaining personal mail interference claim, it would be improper for the Court to issue an advance, blanket evidentiary ruling like the one requested by Defendants. Rather, more specific, targeted evidentiary challenges must be raised at the appropriate time by Defendants so that the Court

can consider the proffered evidence and the pertinent Federal Rule(s) of Evidence and make a reasoned determination on the evidence's admissibility.

### C. Damages

Defendants' final evidentiary challenge appears to assert that Travillion should be precluded from introducing evidence related to compensatory or punitive damages. This motion *in limine* will be granted in part and denied in part.

To the extent that Travillion would endeavor to proffer evidence regarding mental or emotional injury from the alleged personal mail interference, such evidence is inadmissible. It is well settled that under the Prison Litigation Reform Act of 1995 (PLRA),[13] compensatory damages are not available to prisoners for mental or emotional injuries alone. Rather, pursuant to 42 U.S.C. § 1997e(e), a prisoner cannot recover compensatory damages under Section 1983 for "mental or emotional injury" without first establishing "a prior showing of physical injury or the commission of a sexual act[.]"[14] There is no physical injury or sexual act in the instant case, and therefore Travillion may not proffer evidence related to mental or emotional injury.

As to punitive damages, Defendants' motion *in limine* will be denied. Despite the unavailability of compensatory damages for mental or emotional injury, Travillion may theoretically still seek punitive damages for his remaining

---

[13] 42 U.S.C. § 1997e *et seq*.
[14] 42 U.S.C. § 1997e(e); *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003).

constitutional claim.[15]  To constitute a basis for the imposition of punitive damages, a defendant's unlawful conduct must rise to the level of "callous" or "malicious" action or exhibit "evil motive or intent," or it must "involve[] reckless or callous indifference to the federally protected rights of others."[16]  Travillion is not barred from proffering or adducing evidence that would show Defendants acted with malicious or evil motive, or that they were recklessly indifferent to his First Amendment rights.

### III. CONCLUSION

Based on the foregoing, the Court will grant in part and deny in part Defendants' motion *in limine* as more specifically set forth above.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[15]  *See Mitchell*, 318 F.3d at 533.
[16]  *See Springer v. Henry*, 435 F.3d 268, 281 (3d Cir. 2006); *Allah*, 226 F.3d at 251 (citing *Coleman v. Kaye*, 87 F.3d 1491, 1497 (3d Cir. 1996)).